OR.GINAL

BY FAX

1   CLAYEO C. ARNOLD
    A Professional Corporation
2   Clayeo C. Arnold SBN 65070
    Clifford L. Carter, SBN 149621
3   Kirk J. Wolden, SBN 138902
    865 HOWE AVENUE
4   SACRAMENTO, CA 95825
    Tel:   (916) 924-3100
5   Fax:   (916) 924-1829
    E-mail: ccarter@justice4you.com
6
    LAW OFFICES OF PERRY D. LITCHFIELD
7   Perry D. Litchfield, SBN 99906
    1000 4th Street, Suite 875
8   San Rafael, CA 94901
    Tel:   (415) 459-2000
9   Fax:   (425) 457-7843
    E-mail: perry@sprintmail.com
10
11  Attorneys for Plaintiff

*E-filing*

**Filed**

JUN 2 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*ADR*

12              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13                    (SAN JOSE DIVISION)

                                        **CV12 - 03414 PSG**

14  CARSON PENKAVA, individually and on        )   Case No.:
    Behalf of those similarly situated,        )
15                                             )   **INDIVIDUAL AND CLASS**
         Plaintiff,                            )   **ACTION COMPLAINT FOR**
16                                             )   **DECLARATORY RELIEF,**
    vs.                                        )   **EQUITABLE RELIEF, AND FOR**
17                                             )   **DAMAGES**
    YAHOO!, INC.,                              )
18                                             )   **DEMAND FOR JURY TRIAL**
         Defendant.                            )
19

20       Plaintiff CARSON PENKAVA ("Plaintiff"), individually and on behalf of the Class described

21  below, bring this action for injunctive relief and statutory damages against Defendant Yahoo!, Inc.,

22  (hereinafter "Yahoo!") and allege the following:

23                          **NATURE OF THE ACTION**

24       1.      This class action seeks injunctive relief and statutory damages against Yahoo! for its

25  unlawful and wrongful wiretapping or, in the alternative, eavesdropping in violation of California's

26  Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.*

27

28

                                        1

2. "The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Pen. Code § 630.

3. Plaintiff and the Class allege that Yahoo!, intentionally and as part of a common practice, intercepts e-mails sent by individual non-Yahoo! subscribers sent from their non-Yahoo! e-mail accounts before their intended delivery to private individual Yahoo! subscribers, through the application of devices and techniques to review those e-mails for their words, content and thought processes. Plaintiff is informed and believes that Yahoo! purports to justify the legality of its practice based upon a purported consent given by the intended Yahoo! subscriber recipient. However, the interception and review of the content of each e-mail occurs prior to delivery to the intended Yahoo! recipient and without the consent of the e-mail's author and sender. In so conducting itself, Yahoo! intercepts Plaintiff's e-mail communications without Plaintiff's knowledge, consent, or permission in violation of CIPA. Cal. Penal Code §§ 631, 632, 637 and 637.2. The invasion of privacy by wiretapping or, in the alternative, eavesdropping, caused by Yahoo!'s continual and pervasive use of such devices and techniques seriously threatens the free exercise of personal liberties and is contrary to the behavior that the California Legislature has declared should be tolerated in a free and civilized society.

4. Through CIPA, the California Legislature intends to protect the right of privacy. Cal. Pen. Code § 630. Plaintiff brings this class action in reliance on and in furtherance of the protections afforded by the California Constitution, and California state law and public policy.

5. Plaintiff is among the multitude of U.S. residents whose privacy was invaded when Plaintiff's private communications were and continue to be wiretapped or, in the alternative, eavesdropped upon by Yahoo!. As a result of Yahoo!'s invasion of Plaintiff's and the Class Members' privacy, Plaintiff and the Class Members have been injured and each has a concrete interest in the outcome of this suit for redress or to stop Yahoo!'s actions. Accordingly, Plaintiff brings this class action against Yahoo! on behalf of Plaintiff and others similarly situated, to obtain injunctive relief and statutory damages as authorized under CIPA.

2

**THE PARTIES**

6.    Plaintiff CARSON PENKAVA is and at all times relevant hereto was a resident of Alabama and is over the age of 19 years.

7.    The Class is defined as follows:

All individuals who are not residing in California but who are residing in the United States who are not Yahoo! subscribers and who have sent an e-mail to a private individual Yahoo! subscriber from their non-Yahoo! e-mail account.

8.    Yahoo! is a Delaware corporation with its principle place of business at 701 First Avenue, Sunnyvale, California 94089.  Yahoo!'s registered agent for service of process is C T Corporation System, 818 W. Seventh Street, Los Angeles, California 90017.

**GENERAL ALLEGATIONS**

9.    Yahoo! operates a webmail or web-based email service known as "Yahoo! Mail."

10.    Plaintiff does not have or maintain a personal Yahoo! Mail account.

11.    Plaintiff has and continues to send e-mail to Yahoo! subscriber recipients.

12.    Neither Plaintiff nor any other member of the Class has provided their consent to Yahoo! to intercept e-mails sent from their non-Yahoo! e-mail accounts before their delivery to private individual Yahoo! subscribers or, through Yahoo!'s application of devices and techniques, to review those e-mails for their words, content and thought processes.

13.    Yahoo! is not an actual or intended recipient nor a party to Plaintiff's and the Class Members' e-mails sent to private individual Yahoo! subscribers.

14.    Yahoo!'s acts of interception in violation of CIPA resulted from business decisions, practices and standard operating policies that were developed and implemented in California and which are unlawful and constitute criminal conduct in the state of Yahoo!'s residence and principal business operations center.  Yahoo!'s implementation of the business decisions, practices and standard operating policies which violate CIPA occurred in California.  Yahoo! profited in California as a result of its repeated and pervasive violation of CIPA.  Yahoo!'s wrongful conduct which occurred in California harmed all Class Members.

15.    By conducting itself in the manner alleged herein, including Paragraphs 3, and 9-14,

3

1    Yahoo! violated CIPA and otherwise acted adversely to the Plaintiff's and each Class Members' privacy

2    rights.

3                          **JURISDICTION AND VENUE**

4         16.    Federal diversity jurisdiction exists under 28 U.S.C. §1332(d) because Plaintiff and the

5    Class are residents of states other than California and Yahoo! is a resident of California. The aggregate

6    value of the Class Members' claims exceeds the sum or value of five million dollars ($5,000,000.00),

7    exclusive of recoverable interest and costs. None of the causes of action stated herein has been assigned

8    or otherwise given to any other court or tribunal. Plaintiff's claims are not preempted by the Electronic

9    Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510 *et seq*., or other law or federal

10   regulation.

11        17.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) because Yahoo!

12   resides in this Judicial District.

13                          **CLASS ACTION ALLEGATIONS**

14        18.    Plaintiff brings this action individually and on behalf of all persons similarly situated

15   pursuant to Rules 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks to

16   represent the following Class:

17              All individuals who are not residing in California but who are residing in the United

18              States who are not Yahoo! subscribers and who have sent an e-mail to a private

19              individual Yahoo! subscriber from their non-Yahoo! e-mail account.

20        19.    Upon information and belief, the scope of the class definition, including its temporal

21   scope, may be further refined after discovery of Yahoo!'s records and/or third party records.

22        20.    Excluded from the Class are governmental entities, business entities including

23   corporations, limited liability corporations and limited liability partnerships, and other organizations or

24   groups of individuals who are not private individuals, Yahoo!, any entity in which Yahoo! has a

25   controlling interest, and Yahoo!'s officers, directors, affiliates, legal representatives, employees, co-

26   conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or

27   judicial officer presiding over the matter and the members of their immediate families and judicial staff.

28        21.    Plaintiff's claims are typical of the claims of the Class. Plaintiff is a member of the Class

                                      4

1    Plaintiff seeks to represent, and the Members of the Class are similarly situated and similarly affected
2    and harmed by Yahoo!'s wrongful conduct.  Members of the Class are ascertainable from Plaintiff's
3    description of the Class and/or Yahoo!'s records and/or records of third parties which will be accessible
4    through discovery.

5          22.    The representative Plaintiff will fairly and adequately represent the Members of the
6    Class and have no interests which are antagonistic to the claims of the Class. Plaintiff's interests in
7    this action are antagonistic to the interests of Yahoo!, and Plaintiff will vigorously pursue the claims
8    of the Class.

9          23.    The representative Plaintiff has retained counsel who are competent and experienced in
10   consumer class action litigation, and have successfully represented plaintiffs in complex class actions.

11         24.    Common questions of law and fact exist and predominate over those of an
12   individualized nature, if any, and a common remedy by way of permissible statutory damages and
13   injunctive relief is sought for the Class.

14         25.    There are substantial questions of law and fact common to all Members of the Class
15   which will predominate over any individual issues. These common questions of law and fact include,
16   without limitation:

17                a.    Whether Yahoo! has and continues to intercept and review and/or record the e-
18                      mail communications by Plaintiff and the Class to private individual Yahoo!
19                      subscribers before their receipt by the Yahoo! subscribers;

20                b.    Whether Yahoo! has the consent of Plaintiff and the Class to intercept and
21                      review and/or record the e-mail communications by Plaintiff and the Class to private
22                      individual Yahoo! subscribers before their receipt by the Yahoo! subscribers;

23                c.    Whether Yahoo!'s conduct as described in (a) and (b) above constitutes
24                      wiretapping in violation of CIPA;

25                d.    Whether Yahoo!'s conduct as described in (a) and (b) above constitutes
26                      eavesdropping in violation of CIPA; and

27                e.    Whether Plaintiff and the Class are entitled to injunctive relief and statutory
28                      damages as provided for by CIPA.

5

26.     A class action provides a fair and efficient method, if not the only method, for adjudicating a controversy of this size.  The substantive claims of the representative Plaintiff and the Class are nearly identical and will require evidentiary proof of the same kind and application of the same law.  The nature of the case, the legal issues involved, and the relatively small monetary value of any individual claim for statutory damages militates against the viability of adjudication on an individual basis.

27.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because Plaintiff believes Class Members number in the hundreds of thousands and individual joinder is impracticable.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class Members to prosecute their claims individually. Trial of Plaintiff's and the Class Members' claims is manageable.  Unless a class is certified, Yahoo! will remain free to continue to engage in the wrongful and illegal conduct alleged herein without consequence.

28.     The persons in the Class are so numerous that the joinder of all such persons individually in the case is impracticable, and the disposition of all as part of a single class action lawsuit, rather than hundreds or thousands of individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent if the matter were handled as hundreds or thousands of separate lawsuits.

29.     Plaintiff will not encounter any difficulty in the management of this litigation which would preclude the maintenance of a class action.

30.     The prosecution of this class action is vital to California's state interests and those of the Class in order to stop Yahoo!'s unlawful and repugnant practice of reviewing and reading people's e-mail without their consent and/or knowledge, conduct which the legislature has declared "cannot be tolerated in a free and civilized society."  Cal. Pen. Code § 630.

31.     Plaintiff has standing to bring this action pursuant to Cal. Pen. Code § 637.2 which states, "[a]ny person who has been injured by a violation of this chapter may bring an action against the person who committed the violation..." and further due to Yahoo!'s actions which occurred within the State of California, and because Yahoo!'s wrongful activities and decisions to engage in such

6

1   activities are unlawful and constitute criminal activity in California, which is Yahoo!'s state of

2   principal residence as well as principal place of business operation and decision making.

3                                **CAUSE OF ACTION**

4                        Violation of Cal. Penal Code § 630, *et seq.*

5                        (On Behalf of Plaintiff and the Class)

6          32.     Plaintiff incorporates herein by reference the allegations contained in the preceding

7   paragraphs of this Complaint, as though fully set forth herein.

8          33.     Cal. Pen. Code § 631 makes it illegal and prohibits anyone from intentionally and without

9   the consent of all parties to engage in wiretapping of e-mail communications.  In engaging in the

10  conduct alleged herein, including Paragraphs 3, and 9-15 above, Yahoo! has and continues to violate

11  Cal. Pen. Code § 631 as to Plaintiff and the Class.

12         34.     In the alternative, and if the conduct alleged herein is not wiretapping within the meaning

13  of Cal. Pen. Code §631, Cal. Pen. Code § 632 makes it illegal and prohibits anyone from intentionally

14  and without the consent of all parties to engage in eavesdropping of e-mail communications which are

15  confidential communications as defined in Cal. Pen. Code section 632(c).  In engaging in the conduct

16  alleged herein, including Paragraphs 3, and 9-15 above, Yahoo! has and continues to violate Cal. Pen.

17  Code § 632 as to Plaintiff and the Class.

18         35.     At all relevant times, Yahoo! wiretapped or, in the alternative, eavesdropped upon and/or

19  recorded the e-mails of Plaintiff and the Class sent from their non-Yahoo! accounts to the Yahoo!

20  accounts of private individuals before receipt by the Yahoo! subscriber without the consent of all parties

21  to the confidential e-mail communication.  If such conduct constitutes eavesdropping under Cal. Pen.

22  Code § 632, these communications qualify as confidential communications within the meaning of Cal.

23  Pen. Code section 632(c).  In engaging in the conduct as herein alleged, Yahoo! has and continues to

24  violate CIPA as to Plaintiff and the Class.

25         36.     On behalf of Plaintiff and the Class, Plaintiff seeks an order requiring Yahoo! to cease its

26  violations of California Penal Code § 630, *et seq.*  Among other things, Yahoo! should be required to

27  stop eavesdropping, recording and/or intercepting e-mail sent from individual non-Yahoo! users to

28  private individual Yahoo! users, and to stop intercepting Plaintiff's and the Class Members' e-mails

                                        7

1   prior to receipt by Yahoo! subscribers.

2        37.    On behalf of Plaintiff and the Class, Plaintiff further seeks an award of statutory damages

3   for each member of the Class as prescribed by Cal. Penal Code § 637.2(a)(1).  An award of statutory

4   damages is necessary to redress violations and to deter future unlawful and wrongful circumventions of

5   rightful privacy rights by Yahoo!.

6        WHEREFORE, Plaintiff prays for judgment, on behalf of Plaintiff and the proposed Class, as

7   follows:

8        1.    That the Court certify the Class as requested pursuant to Rules 23(b)(2), and/or

9        23(b)(3) of the Federal Rules of Civil Procedure and appoint Plaintiff and Plaintiff's

10       counsel to represent the Class;

11       2.    For appropriate injunctive and/or declaratory relief including but not limited to an

12       injunction that Yahoo! has and continues to engage in wiretapping as defined in CIPA

13       against Plaintiff and the Class;

14       3.    Statutory damages for each Class member;

15       4.    Reasonable attorneys' fees, expenses and costs of suit; and

16       5.    For such other relief as the Court may deem appropriate.

17

18  **DEMAND FOR JURY TRIAL**

19       Plaintiff, individually and for the Class, demands a jury trial on all claims, issues and requests for

20  relief.

21  DATED:  June 28, 2012          ARNOLD LAW FIRM

22

23       By:_____

24       Clifford L. Carter

     Attorneys for Plaintiffs

8