CLAYEO C. ARNOLD
A Professional Law Corporation
CLAYEO C. ARNOLD (SBN 65070)
E-mail: clay@justice4you.com
CLIFFORD LEE CARTER (SBN 149621)
E-mail: cliff@justice4you.com
KIRK J. WOLDEN (SBN 138902)
E-mail: kirk@justice4you.com
865 Howe Avenue
Sacramento, CA 95825
Telephone:(916) 924-3100
Facsimile:(916) 924-1829

WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
E-mail: srommel@wylyrommel.com
James C. Wyly (*Pro Hac Vice*)
E-mail: jwyly@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
E-mail: jtapley@cwcd.com
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
E-mail: rlutz@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

Attorneys for Plaintiff and the Class
*Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CARSON PENKAVA, individually and on Behalf of those similarly situated, | Civil Action No: 5:12CV03414-LHK |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE RELIEF, AND FOR DAMAGES** |
| v. | |
| YAHOO!, INC. | JURY DEMANDED |
| Defendant. | Dept.:     Courtroom 8—4th Floor |
| | Judge:     Hon. Lucy H. Koh |

PLAINTIFF, CARSON PENKAVA ("Plaintiff"), individually and on behalf of the Class described below, bring this action for injunctive relief and statutory damages against Defendant Yahoo!, Inc. ("Yahoo!"), and allege the following:

## PARTIES

1.     Plaintiff CARSON PENKAVA is and at all times relevant hereto was a resident of Alabama and is over the age of 19 years.

2.     Plaintiff's proposed Class is defined as follows:

**All United States citizens, excluding California residents and Yahoo! Mail subscribers, who have sent an e-mail to a private individual Yahoo! Mail subscriber.**

3.     Yahoo! is a Delaware corporation, whose principal place of business is at 701 First Avenue, Sunnyvale, California 94089.  Yahoo! has been served and is a party.

## JURISDICTION AND VENUE

4.     Pursuant to 28 U.S.C. § 1332(d), this Court has original federal diversity jurisdiction given Plaintiff and the Class are residents of states other than California and Yahoo! is a resident of California.  The aggregate value of the Class members' claims exceeds the sum or value of five million dollars ($5,000,000.00), exclusive of recoverable interest and costs. None of the causes of action stated herein has been assigned or otherwise given to any other court or tribunal.  Plaintiff's claims are not preempted by the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510 *et seq*., or other law or federal regulation.

5.     This Court has general and specific personal jurisdiction over the Defendant because Yahoo! is a resident of California.

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Yahoo! resides in this Judicial District.

## NATURE OF SUIT

7.     This class action seeks injunctive relief and statutory damages against Yahoo! for its unlawful and wrongful (1) reading or learning of the contents or meaning of Plaintiff's and Class Members' communications and, in the alternative, (2) eavesdropping upon or recording Plaintiff's and Class Members' communications in violation of California's Invasion

of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.*

8.     "The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."  Cal. Pen. Code § 630.

9.     Plaintiff and the Class allege that Yahoo!, intentionally and as part of a common practice, reads, scans, analyzes, processes, copies, acquires content from, makes copies of content from, creates data and information from the content to be used in association with content in, or creates data and information from the content to be used apart from content in the e-mails sent by Plaintiff and Class Members from their non-Yahoo! Mail accounts to Yahoo! Mail recipients.  Yahoo! performs these actions upon the e-mails sent by Plaintiff and Class Members to Yahoo! Mail recipients in order to read, attempt to read, eavesdrop upon, or to learn the content or meaning of the e-mails.  Further, Yahoo! makes copies or records all or part of the e-mails sent by Plaintiff and Class Members to Yahoo! Mail recipients.

10.     At the time Yahoo! reads, attempts to read, learns the content or meaning of, eavesdrops upon, and records Plaintiff's and Class Members' communications, Yahoo! does so without the consent of all parties to the communications.

11.     In so conducting itself, Yahoo! reads, attempts to read, learns the content or meaning of, eavesdrops upon, and records Plaintiff's and Class Members' communications without Plaintiff's and Class Members' knowledge, consent, or permission in violation of CIPA.  Cal. Penal Code §§ 631, 632, 637 and 637.2.  The invasion of privacy by reading, attempting to read, learning the contents or meaning of, eavesdropping upon, and recording of Plaintiff's and Class Members' communications to Yahoo! Mail users caused by Yahoo!'s continual and pervasive use of such devices and techniques seriously threatens the free exercise of personal liberties and is contrary to the behavior that the California Legislature has declared should be tolerated in a free and civilized society.

///

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

12.    Through CIPA, the California Legislature intends to protect the right of privacy. Cal. Pen. Code § 630, *et seq*.  Plaintiff brings this class action in reliance on and in furtherance of the protections afforded by the California Constitution, and California state law and public policy.

13.    Plaintiff is among the multitude of U.S. residents whose privacy was invaded when Plaintiff's private communications were and continue to be read or, in the alternative, eavesdropped upon by Yahoo!.  As a result of Yahoo!'s invasion of Plaintiff's and the Class Members' privacy, Plaintiff and the Class Members have been injured and each has a concrete interest in the outcome of this suit for redress or to stop Yahoo!'s actions.  Accordingly, Plaintiff brings this class action against Yahoo! on behalf of Plaintiff and others similarly situated, to obtain injunctive relief and statutory damages as authorized under CIPA.

14.    Plaintiff has standing to bring this action because (1) he has been injured by Defendant's reading of, attempts to read, learning of the content or meaning of, eavesdropping upon, and recording of communications Plaintiff sent to Yahoo! Mail users, all in violation of the statutory prohibitions enumerated by the California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq*; (2) Plaintiff's injuries are actual in that Plaintiff's privacy has been invaded *via* Yahoo!'s use of devices and techniques that create a serious threat to the free exercise of personal liberties which cannot be tolerated in a free and civilized society as enumerated by the CIPA; (3) the injury is directly attributable to Yahoo!'s processes and devices, and Yahoo! derives a financial windfall from the reading of, attempts to read, learning of the content or meaning of, eavesdropping upon, and recording of communications Plaintiff sent to Yahoo! Mail users; and (4) in the event of a favorable decision, CIPA provides a concrete redress to Plaintiff for his harm.

15.    Yahoo!'s acts in violation of CIPA resulted from business decisions, practices, and operating policies that were developed, implemented, and utilized in the State of California and which are unlawful and constitute criminal conduct in the state of Yahoo!'s residence and principal business operations center.  Yahoo!'s implementation of its business decisions, practices, and standard ongoing policies which violate CIPA occurred in the State of California.

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

Yahoo! profited in the State of California as a result of its repeated and pervasive violations of CIPA.  Yahoo!'s wrongful conduct which occurred in the State of California harmed Plaintiff and all Class Members.

## STATEMENT OF FACTS

16.     Yahoo! operates an e-mail service known as "Yahoo! Mail."

17.     Plaintiff and the Class Members do not have or maintain personal Yahoo! Mail accounts.

18.     Plaintiff and the Class Members have sent e-mails to Yahoo! Mail recipients.

19.     Yahoo! is not an actual or intended recipient of the e-mails sent by Plaintiff and the Class Members to Yahoo! Mail recipients.

20.     Yahoo! is not a party to Plaintiff's and Class Members' e-mails sent to Yahoo! Mail recipients.

21.     The actions complained of herein involve Plaintiff's and the Class Members' communications (e-mail) that they have sent to Yahoo! Mail users and Yahoo!'s acts upon those communications while in transit and at the receiving end of the transmissions.

22.     E-mail sent to Yahoo! Mail users are messages.

23.     Plaintiff's and Class Members' e-mails sent to Yahoo! Mail recipients are messages.

24.     E-mail sent to Yahoo! Mail users are communications.

25.     Plaintiff's and Class Members' e-mails sent to Yahoo! Mail recipients are communications.

26.     E-mail sent to Yahoo! Mail users are transmitted in defined Internet Message Formats with destination address fields specifying the recipients of the message.

27.     Plaintiff's and Class Members' e-mails sent to Yahoo! Mail recipients are transmitted in defined Internet Message Formats with destination address fields specifying the recipients of the message.

28.     Pursuant to the destination address fields, e-mail sent to Yahoo! Mail users are confined to those persons specified as recipients in the destination address fields.

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

29.     Pursuant to the destination address fields, Plaintiff's and Class Members' e-mail sent to Yahoo! Mail users are confined to those persons specified as recipients in the destination address fields.

30.     This case does not involve Yahoo!'s automated scanning of e-mail for spam or virus protection.

31.     This case involves Yahoo!'s creeping and peeping to learn the content and meaning of e-mail which Yahoo! does separate and apart from the automated scanning of e-mail for spam or virus protection.  It is not necessary for Yahoo! to creep and peep and learn the content and meaning of e-mail in order for Yahoo! to conduct its automated scanning of e-mail for spam or virus protection.

32.     This case involves Yahoo!'s common and uniform practice of reading, attempting to read, scanning, processing, copying, acquiring content of, making copies of content of, creating data from the content of, eavesdropping upon, and recording of e-mails sent by Plaintiff and Class Members from their non-Yahoo! Mail accounts to Yahoo! Mail recipients.

33.     Yahoo! reads, attempts to read, learns of the content or meaning of, records and/or eavesdrops upon the communications sent by Plaintiff and Class Members to Yahoo! Mail users.

34.     While Yahoo! itself uses the words "scan" and "analyze" in relation to its activities, Plaintiff alleges Yahoo!'s scanning and analysis amounts to reading, attempting to read, learning of the content or meaning of, recording, and/or eavesdropping upon the communications sent by Plaintiff and Class Members to Yahoo! Mail users.

35.     To determine or identify "keywords" in Plaintiff's and Class Members' e-mail to Yahoo! Mail users, Yahoo! reads, attempts to read, learns of the content or meaning of, copies, records and/or eavesdrops upon the communications sent by Plaintiff and Class Members to Yahoo! Mail users.

36.     To determine or identify "patterns" in Plaintiff's and Class Members' e-mail to Yahoo! Mail users, Yahoo! reads, attempts to read, learns of the content or meaning of, copies,

records and/or eavesdrops upon the communications sent by Plaintiff and Class Members to Yahoo! Mail users.

37.     To generate additional information about the e-mail sent by Plaintiff and Class Members to Yahoo! Mail users, Yahoo! reads, attempts to read, learns of the content or meaning of, copies, records, and/or eavesdrops upon the communications sent by Plaintiff and Class Members to Yahoo! Mail users.

38.     While the e-mails are in transit, Yahoo! scans the e-mails sent by Plaintiff and Class Members to Yahoo! Mail users.

39.     While the e-mails are in transit, Yahoo! scans the e-mails for "keywords," and "patterns," and other content in e-mails sent by Plaintiff and Class Members to Yahoo! Mail users.

40.     Yahoo! scans the e-mails sent by Plaintiff and Class Members to Yahoo! Mail users by use of one or more machines, instruments, contrivance, amplifying device or recording device.

41.     No party to Plaintiff's and Class Members' e-mail sent to Yahoo! Mail users has consented to Yahoo!'s reading, attempting to read, learning of the content or meaning of, recording, and/or eavesdropping upon the communications sent by Plaintiff and Class Members to Yahoo! Mail users.

42.     The content and meaning of the e-mails which Plaintiff and Class Members send to Yahoo! Mail users is private and confidential among those persons in the destination address fields.  The e-mails sent to Yahoo! Mail users are confined to those persons specified as recipients in the destination address fields and are private communications among that group.

43.     The content and meaning contained in Plaintiff's and Class Members' e-mails which they send to Yahoo! Mail users are only to be learned by those persons specified as recipients in the destination address.

44.     Plaintiff and the Class Members have all been harmed by Yahoo!'s creeping and peeping upon their emails which violates Plaintiff's and the Class Members' privacy rights.

///

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

45.    Yahoo!'s activities in California violate Plaintiff's and the Class Members' privacy rights.

## CLASS ALLEGATIONS

46.    Plaintiff brings this class action, pursuant to Rule 23(a) and (b)(2) and/or (b)(3) of the *Federal Rules of Civil Procedure*, individually and on behalf of all members of the following Class.  The Class consists of:

> **All United States citizens, excluding California residents and Yahoo! Mail subscribers, who have sent an e-mail to a private individual Yahoo! Mail subscriber.**

a.    Excluded from the class are the following individuals and/or entities:

i.    Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;

ii.    Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;

iii.    Current or former employees of Yahoo!;

iv.    Individuals, if any, who have previously settled or compromised claims(s) as identified herein for the class; and

v.    Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

**A.    Ascertainability**

47.    The Class is objectively defined.

48.    The Class is ascertainable.

49.    Upon Court-approved notice, any Class Member who desires to seek actual damages pursuant to Cal. Pen. Code § 637.2(a)(2) may opt-out OR remain in the Class and be bound by the remedies and results sought herein.

**B.    Numerosity**

50.    The Class is so numerous that joinder of all members is impracticable.

51.    The number of Class Members is in excess of 100 persons.

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

C.     **Commonality**

52.     There are questions of law or fact common to the class.  These questions include, but are not limited to, the following:

*§ 631 claims*

    a.     Whether Yahoo!, as a corporation, is a "person"?

    b.     Whether Yahoo!, as a corporation, acts through "persons" for whose actions Yahoo! is liable?

    c.     Whether Yahoo! uses a "machine," "instrument," "contrivance," or "in any other manner" to read, attempt to read, or to learn the content or meaning of Plaintiff's and the Class Members' e-mails.

    d.     Whether Yahoo! acts willfully when it reads, attempts to read, or learns the content or meaning of Plaintiff's and Class Members' e-mails.

    e.     Whether Yahoo! has the consent of all parties to the communication when it reads, attempts to read, or learns the content or meaning of Plaintiff's and Class Members' e-mails?

    f.     Does Yahoo!'s scanning, processing, or copying of Plaintiff's and Class Members' e-mail amount to Yahoo! reading, attempting to read, or learning the content or meaning of Plaintiff's and Class Members' e-mails.

    g.     Do Plaintiff's and Class Members' e-mails amount to "any message, report, or communication?"

    h.     At the time Yahoo! reads, attempts to read, or learns the contents or meaning of Plaintiff's and Class Members' e-mails, are the e-mails in transit to the Yahoo! Mail recipients?

    i.     At the time Yahoo! reads, attempts to read, or learns the contents or meaning of Plaintiff's and Class Members' e-mails, are the e-mails passing over any wire, line, or cable?

///

///

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

*§ 632 claims*

    a.    Whether Yahoo!, as a corporation, is a "person?"

    b.    Whether Yahoo!, as a corporation, acts through "persons" for whose actions Yahoo! is liable?

    c.    Whether Yahoo! intentionally and without the consent of all parties to the communication eavesdrops upon or records Plaintiff's and Class Members' e-mails sent to Yahoo! Mail recipients?

    d.    Whether Yahoo! uses any electronic amplifying or recording device to eavesdrop upon Plaintiff's and Class Members' e-mails sent to Yahoo! Mail recipients?

    e.    Whether the e-mails sent by Plaintiff and Class Members to Yahoo! Mail recipients are confidential communications?

    f.    Whether the e-mails sent by Plaintiff and Class Members to Yahoo! Mail recipients are carried on among those parties by means of a device not a radio?

*§ 637.2 relief*

    a.    Whether Plaintiff and the Class are entitled to preliminary and permanent injunctive relief to halt Yahoo!'s violations?

    b.    Whether Plaintiff and the Class are entitled to appropriate declaratory relief?

    c.    Whether each Plaintiff and each Class Member are entitled to $5,000 in statutory damages?

    d.    Whether Plaintiff and the Class are entitled to reasonable attorneys' fees and other litigation costs reasonably incurred?

**D.   Typicality**

53.    Plaintiff's claims are typical of the claims of the Class in that Plaintiff and Class Members sent e-mail to Yahoo! Mail users; Yahoo! read, eavesdropped, or recorded Plaintiff's and Class Members' e-mail contents; neither Plaintiff nor the Class Members consented to Yahoo!'s reading, eavesdropping, or recording of their e-mails; and Plaintiff and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief due to

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

1   Yahoo!'s conduct.

2   **E.     Adequacy of Representation**

3          54.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff's

4   interests do not conflict with the interests of the Class Members.  Plaintiff's interests, like those

5   of the Class Members, are antagonistic to Yahoo!.    Furthermore, Plaintiff has retained

6   competent counsel experienced in class action litigation.  Plaintiff's counsel will fairly and

7   adequately protect and represent the interests of the Class.

8   **F.     Predominance and Superiority**

9          55.     Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact common to the

10   Class Members predominate over any questions affecting only individual members, and that a

11   class action is superior to other available methods for fairly and efficiently adjudicating the

12   controversy.

13          56.     Yahoo!'s scanning and processes regarding the e-mails received by Yahoo! Mail

14   users are uniform.

15          57.     Yahoo!'s creeping and peeping practices are uniform.

16          58.     All disclosures made by Yahoo! to any person are uniform.  Accordingly, issues

17   about truthfulness, completeness, ambiguity, and sufficiency of such statements can be

18   uniformly determined.

19          59.     A class action is superior to any individual action available.

20                              **CAUSES OF ACTION**

21           **VIOLATIONS OF CAL. PENAL CODE § 630, *et seq.***

22   **A.     Violations of Cal. Penal Code § 631(a)**

23          60.     Pursuant to Cal. Penal Code § 7, Yahoo!., as a corporation, is a "person."

24          61.     Yahoo! uses a "machine," "instrument," "contrivance," or "in any other manner"

25   to read, attempt to read, or to learn the content or meaning of Plaintiff's and the Class Members'

26   e-mails.  The identity and name of the "machine," "instrument," or "contrivance" used by

27   Yahoo! is known by Yahoo! and otherwise unknown by Plaintiff and the Class, but will be

28   revealed through discovery.

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

62.    Yahoo! acts wilfully when it reads, attempts to read, or learns the content or meaning of Plaintiff's and Class Members' e-mails.

63.    Yahoo! does not have the consent of all parties to the communication when it reads, attempts to read, or learns the content or meaning of Plaintiff's and Class Members' e-mails.

64.    Yahoo!'s scanning, processing, or copying of Plaintiff's and Class Members' e-mail amounts to Yahoo! reading, attempting to read, or learning the content or meaning of Plaintiff's and Class Members' e-mails.

65.    Plaintiff's and Class Members' e-mails amount to "any message, report, or communication."

66.    At the time Yahoo! reads, attempts to read, or learns the contents or meaning of Plaintiff's and Class Members' e-mails, the e-mails are in transit to the Yahoo! Mail recipients.

67.    At the time Yahoo! reads, attempts to read, or learns the contents or meaning of Plaintiff's and Class Members' e-mails, the e-mails are passing over any wire, line, or cable.

**B.    Violations of Cal. Penal Code § 632**

68.    Pursuant to Cal. Penal Code §§ 7 and 632(b), Yahoo!, as a corporation, is a "person."

69.    Yahoo! intentionally and without the consent of all parties to the communication eavesdrops upon or records Plaintiff's and Class Members' e-mails sent to Yahoo! Mail recipients.

70.    Yahoo! uses any electronic amplifying or recording device to eavesdrop upon Plaintiff's and Class Members' e-mails sent to Yahoo! Mail recipients.

71.    The e-mails sent by Plaintiff and Class Members to Yahoo! Mail recipients are confidential communications.

72.    The e-mails sent by Plaintiff and Class Members to Yahoo! Mail recipients are carried on among those parties by means of a device not a radio.

///

///

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

C.     **Cal. Penal Code § 637.2 Relief**

     73.    As a result of Yahoo!'s violations of §§ 631 and 632, Plaintiff and the Class are entitled to:

        a.    Preliminary and permanent injunctive relief to halt Yahoo!'s violations;

        b.    Appropriate declaratory relief;

        c.    For each Plaintiff and each Class Member, $5,000; and

        d.    Reasonable attorneys' fees and other litigation costs reasonably incurred.

## DEMAND FOR JURY TRIAL

     Plaintiff individually and for the Class demands a jury trial on all claims, issues, and requests for relief.

## PRAYER FOR RELIEF

     WHEREFORE, Plaintiff, on behalf of themselves and all Class members, pray judgment be entered against Defendant and that the Court grant the following:

     1.    An order certifying the Class and appointing Plaintiff and their Counsel to represent the Class;

     2.    Judgment against the Defendant for Plaintiff's and the Class Members' asserted causes of action;

     3.    Appropriate declaratory relief against Defendant;

     4.    Preliminary and permanent injunctive relief against Defendant;

     5.    An award of statutory damages to the Plaintiff and the Class, for each, the amount of $5,000;

     6.    An award of reasonable attorneys' fees and other litigation costs reasonably incurred; and

     7.    Any and all other relief to which the Plaintiff and the Class may be entitled.

///

///

///

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK

1       Respectfully submitted,

2  Dated:  September 21, 2012           CORY WATSON CROWDER & DEGARIS, P.C.

By:*/s/ F. Jerome Tapley*
F. Jerome Tapley (*Pro Hac Vice*)
E-mail: jtapley@cwcd.com
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
E-mail: rlutz@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896

CLAYEO C. ARNOLD
A Professional Law Corporation
Clayeo C. Arnold (SBN 65070)
E-mail: clay@justice4you.com
Clifford Lee Carter (SBN 149621)
E-mail: cliff@justice4you.com
Kirk J. Wolden (SBN 138902)
E-mail: kirk@justice4you.com
865 Howe Avenue
Sacramento, CA 95825
Telephone:(916) 924-3100
Facsimile:(916) 924-1829

WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
E-mail: srommel@wylyrommel.com
James C. Wyly (*Pro Hac Vice*)
E-mail: jwyly@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

PERRY D. LITCHFIELD LAW OFFICES
Perry D. Litchfield (SBN 99906)
E-mail: perry@sprintmail.com
1000 Fourth Street
Ste 875
San Rafael, CA 94901
Telephone: (415) 459-2000
Facsimile: (425)457-7843

Attorneys for Plaintiff and the Class

First Amended Class Action Complaint
Civil Action No: 5:12CV03414-LHK